[No. 12946.   Department Two.   August 31, 1915.]

THE STATE OF WASHINGTON, *on the Relation of the City of Ellensburg et al., Plaintiff*, v. C. W. CLAUSEN, *as State Auditor, Respondent*.[1]

MUNICIPAL CORPORATIONS—BONDS—ELECTION—SUBMISSION OF PROPOSITION. Under Rem. & Bal. Code, § 8006, providing that the plan of a proposed municipal indebtedness to be submitted to the voters of the city shall include the amount of the indebtedness and the terms thereof, a bond issue is invalid, where the proposition submitted did not, either as set out in the ordinance, as published in the notice of election, or as printed on the ballots, contain any statement as to the time the bonds would run nor the interest they were to bear.

Application filed in the supreme court July 21, 1915, for a writ of mandamus to compel the state auditor to accept and pay for certain bonds.   Denied.

*H. W. Hale* and *C. R. Hovey*, for relators.
*The Attorney General* and *L. L. Thompson*, for respondent.

PER CURIAM.—This is an application for an original writ of mandate, directing the state auditor to accept and pay for certain bonds of the city of Ellensburg to be issued to meet the cost of certain proposed improvements in the city lighting plant.   Authority to issue these bonds is given by Rem. & Bal. Code, § 8006, which provides that the plan of the proposed indebtedness shall be submitted to the voters of the city when a general indebtedness is to be incurred.   The section in part provides:

"If a general indebtedness is to be incurred, the amount of such indebtedness and the terms thereof shall be included in the proposition submitted to the qualified voters as aforesaid and such proposition shall be adopted and assented to by three-fifths of the qualified voters of the said city or town voting at said election."

[1]Reported in 151 Pac. 251.

The auditor has refused to issue a warrant in payment for the bonds, assigning as his reason the failure of the city to include in the proposition submitted to the voters the terms of the proposed indebtedness.

Although the ordinance directing the bond issue election stated that the bonds were to bear interest at a rate not exceeding six per cent per annum and run for a period of twenty years, there is not in the proposition which was submitted, either as set out in the ordinance, as published in the notice of the election, or as printed on the ballots, any statement of the terms of the proposed indebtedness. The amount of the indebtedness was stated and that it would be evidenced by an issue of bonds, but neither the time the bonds were to run nor the interest they were to bear.

These were essential features of the proposition, and without them there was no compliance with the statute. Authority to create an indebtedness and to issue bonds of this character is derived solely from the statute. The proceeding being wholly statutory, there must be a full compliance with the essential requirements, otherwise the bonds cannot become an enforceable obligation against the city.

In *Hansard v. Green*, 54 Wash. 161, 103 Pac. 40, 132 Am. St. 1107, 24 L. R. A. (N. S.) 1273, the ordinance submitted did not specify the plan of payment for the proposed improvement. The defect was held fatal, as the voters in the method followed expressed their opinion upon a part only of the object sought to be obtained. Should we hold the provision for a submission of the terms of the indebtedness unnecessary, the amount thereof could as well be omitted, and the evident intent of the statute that the voter shall express his opinion, not only upon the making of the improvement, but also upon the cost thereof and the plan of payment therefor, would be nullified.

The writ will therefore be denied.